COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-451-CV

DAVID SCOT LYND APPELLANT

V.

NORTHWOOD MHC, L.P., APPELLEES

D/B/A NORTHWOOD AND 

CITY OF LEWISVILLE/LEWISVILLE 

POLICE DEPARTMENT

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant David Scot Lynd appeals from the trial court’s order severing his claims against appellees Northwood MHC., L.P., d/b/a Northwood, the City of Lewisville, and the Lewisville Police Department from his divorce proceeding involving Lea Ailene Cox.  Both causes of action were originally filed under Cause No. 2007-50902-367. 

On January 14, 2008, this court sent a letter to appellant advising him that we may lack jurisdiction over his appeal because the trial court’s “Order on Motion for Severance” did not appear to be a final, appealable order or judgment and stating that unless appellant or any party desiring to continue the appeal filed a response on or before January 24, 2008, showing grounds for continuing the appeal, we would dismiss the appeal for want of jurisdiction.
(footnote: 2)  Appellant did not file a response.  

This court has jurisdiction over appeals from final judgments and certain interlocutory orders, if specifically authorized by statute.
(footnote: 3)  The order from which appellant appeals is neither a final judgment nor an interlocutory order for which an appeal is authorized by statute.
(footnote: 4)  Because we have no statutory authorization to review the trial court’s interlocutory order granting appellees’ motion to sever, we dismiss this appeal for want of jurisdiction.
(footnote: 5)  

PER CURIAM

PANEL D:  CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DELIVERED:  February 21, 2008 
 

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. R. App. P.
 42.3(a).

3:
See Jack B. Anglin Co. v. Tipps
, 842 S.W.2d 266, 272 (Tex. 1992)
.

4:
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 51.014(a) (Vernon Supp. 2007); 
Jack B. Anglin Co.
, 842 S.W.2d at 272 (“A final judgment is one which disposes of all legal issues between all parties.“).

5:
See
 
Tex. R. App. P.
 42.3(a), 43.2(f).